**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Lovelace, | No. CV-22-00051-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Elizabeth Lovelace ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner"). Doc. 1. The Court referred the matter to Magistrate Judge Maria S. Aguilera for Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1) and LR Civ. 72.1 & 72.2. Doc. 14. On June 2, 2023, Judge Aguilera issued her R&R finding that the Administrative Law Judge ("ALJ") erred and recommending that this Court reverse the Commissioner's decision and remand for further proceedings. Doc. 33 at 9. The R&R notified the parties they had fourteen (14) days from the date of the R&R to file any objections. *Id.* No objections have been filed.

**I.  Background**

Plaintiff applied for Title XVI Disability Benefits on March 13, 2019, alleging disability beginning May 9, 2009. *See* Administrative Record ("AR") at 15. She alleges that she is disabled because of bipolar disorder, post-traumatic stress disorder, personality disorder, depression, and anxiety. AR. 139.

After initial denial, reconsideration, and a supplemental hearing, the ALJ issued their unfavorable decision on January 11, 2021, concluding Plaintiff was not disabled under the Social Security Act ("SSA"). AR 30, 42, 73, 3643–62. To be found disabled and qualified for Disability Insurance Benefits or Supplemental Security Income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(a) & 1382(a)(3)(A). The same five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140–142 (1987). The five-step process requires the claimant to show (1) she has not worked since the alleged disability onset date, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from doing her past work. If at any step the Commissioner determines that a claimant is or is not disabled, the inquiry ends. If the claimant satisfies her burden through step four, the burden shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); *see also Bowen*, 482 U.S. at 146 n.5 (describing shifting burden at step five).

In this case, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the relevant period. AR 17. At step two, the ALJ found Plaintiff had "severe"[1] impairments including bipolar disorder, anxiety disorder, and post-traumatic stress disorder. AR 17. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R., Pt 404, Subpt. P, App. 1. AR 18. Between steps three and four, the ALJ determined Plaintiff had the Residual Functional Capacity[2] ("RFC"), to perform a full range of work at all exertional

---

[1] An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).
[2] "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi*

levels but with certain non-exertional limitations. AR 20. At step four, the ALJ determined Plaintiff had no past relevant work. AR 23. At step five, based on the RFC and the testimony of the vocational expert ("VE"), the ALJ concluded Plaintiff could "perform the requirements of representative medium [Specific Vocational Preparation ("SVP")] SVP 2 occupations such as linen room attendant (Dictionary of Occupational Titles ("DOT") #222.387-030) and hand packager (DOT#920.587-018), and medium [SVP] 1 occupation such as cleaner II (DOT #919.687-014)." AR 24. Accordingly, the ALJ concluded in their Unfavorable Decision that Plaintiff was not disabled. AR 24. Plaintiff requested review before the Appeals Council, which was denied on December 3, 2021, thereby making the ALJ's Unfavorable Decision the final decision of the Commissioner. AR 1–10. Thereafter, Plaintiff timely filed the instant action. Doc. 1.

## II.   Legal Standard

If neither party objects to a magistrate judge's report and recommendation, the district court is not required to review the magistrate judge's decision under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district court only needs to review magistrate judge's findings and recommendations de novo if objection is made). However, the statute for review of a magistrate judge's recommendation "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

## III.   Discussion

### A. The R&R Correctly Determined the ALJ Committed Harmful Error Re: Plaintiff's Symptom Testimony

The R&R found that the ALJ committed harmful error by failing to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony regarding her panic attacks, anxiety, and anger. Doc. 33 at 6–9.

In the Unfavorable Decision, the ALJ discounted Plaintiff's testimony as

---

*v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007). A plaintiff's residual functional capacity is what they can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155–56 n.5–7 (9th Cir. 1989).

inconsistent with her "treatment seeking history, diagnostic test results, clinical signs, reported symptoms, medications and other prescribed treatment." AR 21. An ALJ must perform a two-step analysis to evaluate a Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (citations omitted). First, the ALJ must evaluate the objective medical evidence of the underlying impairment that could be reasonably expected to cause the alleged symptoms or pain, and second, if there is no evidence of malingering, the ALJ can reject the claimant's testimony as to the symptoms' severity by offering specific, clear and convincing reasons. *Id.* at 1015 (citations omitted). The ALJ may consider a claimant's activities of daily living in determining whether those activities contradict her testimony about her symptoms or functional limitations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2017); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (when assessing credibility, the ALJ "may consider, among other factors, . . . 'the claimant's daily activities.'") (internal citation omitted). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The R&R determined that the ALJ erred by summarizing "some of Plaintiff's treatment records without linking the records to specific testimony, and without explaining how the records showed conservative treatment, inconsistent clinical findings, etc." Doc. 33 at 6. As such, the R&R indicates it was unclear what *specific* testimony the ALJ found unpersuasive, or why it was unpersuasive. *Id.* Second, the R&R determined that the ALJ erred by failing to consider the possible reasons why Plaintiff failed to seek more treatment. *Id.* Next, the R&R found that the ALJ erred by failing to explain or cite to the record how "medications and other prescribed treatment" or "diagnostic test results" conflicted with or undermined Plaintiff's testimony. *Id.* at 7. Although the ALJ referenced "clinical signs," the R&R found the ALJ's discussion provided a summary, rather than an interpretation, of such evidence. *Id.* at 8. Moreover, the R&R found the Commissioner failed to explain *if* or *how* Plaintiff's daily activities were inconsistent with her symptom testimony. Lastly,

because the ALJ gave the State Agency examiners opinions "partial weight," such reliance did not undermine "all aspects of Plaintiff's testimony" and thus, could not amount to clear and convincing reasons for discounting Plaintiff's testimony. *Id.* Because Plaintiff's noted symptoms would make her either off-task too often or absent from work more than once per month, the R&R determined that such error was harmful. *Id.* at 9 (citing AR 3659–61). Because the R&R's findings are well-reasoned, the Court agrees with Judge Aguilera's conclusions related to Plaintiff's symptom testimony.

### B. The R&R Correctly Determined the ALJ Did Not Commit Harmful Error Re: Plaintiff's "C" Criteria Argument

Plaintiff also argued that the ALJ failed to adequately consider whether Plaintiff's mental disorders met the "C" Criteria of Listings 12.04, 12.06, and 12.15. Doc. 33 at 3–5. A claimant's mental disorder satisfies the C criteria if (1) the claimant relies, "on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish" her symptoms, and (2) despite her diminished symptoms, the claimant has "achieved only marginal adjustment," meaning she has "minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life." 20 C.F.R. Pt. 404, subpt. P, appx. 1 § 12.00G.2. Judge Aguilera rejected this argument finding that Plaintiff did not satisfy the first or second criterion nor was it supported by the evidence in the record. The R&R found that any error, related to the ALJ's boilerplate "C" Criteria findings, was at most harmless error. *Id.* at 3. The Court also agrees with this finding.

### C. Neither Party Objected to the R&R

The deadline for filing objections was June 16, 2023. As noted, no objections have been filed, and neither party has requested additional time to do so. Therefore, the Court may also adopt the R&R on this basis alone. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (district court declined to review the magistrate judge's report because no objections were filed). *See also. Arn*, 474 U.S. at 150;. *Reyna-Tapia*, 328 F.3d at 1121.

IV. Order

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** Magistrate Judge Aguilera's Report and Recommendation (Doc. 33);

**IT IS FURTHER ORDERED** the final decision of the Commissioner of Social Security is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this Order and Judge Aguilera's Report and Recommendation (Doc. 33);

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to enter judgment accordingly and close the file in this case.

Dated this 27th day of June, 2023.

_____
Honorable John C. Hinderaker
United States District Judge